FILED
CLERK, U.S. DISTRICT COURT

8/7/25

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MRV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MARLOW STANFIELD,<br>　aka "Marlow Stansfield,"<br>　aka "Marlow Thompson,"<br>　aka "Tristan Samuel,"<br>　aka "Trae Lucas,"<br>　aka "Trizzy,"<br>　aka "TrTrizzy,"<br>　aka "TrTrizzyChop,"<br>　aka "Rahul Ramesh,"<br>　aka "El Choppo,"<br><br>　　　　Defendant. | CR 2:25-cr-00650-SPG<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute Methamphetamine; 21 U.S.C. § 963: Conspiracy to Export Methamphetamine; 21 U.S.C. §§ 953, 960 (a)(1), (b)(1)(H): Exportation of Methamphetamine; 18 U.S.C. § 922(g)(5): Alien in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1), 21 U.S.C. §§ 853, 970, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.   <u>OBJECT OF THE CONSPIRACY</u>

　　Beginning on a date unknown to the Grand Jury, but no later than on or about July 17, 2023, and continuing until on or about July 15, 2025, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant MARLOW STANFIELD, also known

as ("aka") "Marlow Stansfield," aka "Marlow Thompson," aka "Tristan Samuel," aka "Trae Lucas," aka "Trizzy," aka "TrTrizzy," aka "TrTrizzyChop," aka "Rahul Ramesh," aka "El Choppo," conspired with others known and unknown to the Grand Jury, to knowingly and intentionally distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

B.  MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Defendant STANFIELD and other co-conspirators would communicate with each other on encrypted messaging applications regarding the destination of shipments of controlled substances, including methamphetamine, across the United Kingdom.

2. Defendant STANFIELD and other co-conspirators would ship controlled substances, including methamphetamine, from the Central District of California to the agreed-upon locations in the United Kingdom, using fictitious names for the sender and receiver of the shipments to conceal their identities.

3. Defendant STANFIELD and other co-conspirators would monitor the status of shipments of controlled substances, including methamphetamine, from the Central District of California, using an internet connection linked to an email account subscribed to by STANFIELD.

4. Defendant STANFIELD and other co-conspirators would communicate with each other on encrypted messaging applications regarding the receipt of shipments of controlled substances,

2

including methamphetamine, including through photographs showing the shipping labels and contents of packages received in the United Kingdom.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendant STANFIELD and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On July 17, 2023, defendant STANFIELD sent co-conspirator ("Co-Conspirator 1") an end-to-end encrypted message on Snapchat with two addresses in the United Kingdom.

Overt Act No. 2:   On September 27, 2023, Co-Conspirator 1 sent defendant STANFIELD an end-to-end encrypted message on Snapchat with a postal code in the United Kingdom.

Overt Act No. 3:   On October 16, 2023, Co-Conspirator 1 sent defendant STANFIELD an end-to-end encrypted message on Snapchat with an address and recipient in the United Kingdom.

Overt Act No. 4:   On October 16, 2023, Co-Conspirator 1 sent defendant STANFIELD an end-to-end encrypted message on Snapchat with an address in the United Kingdom.

Overt Act No. 5:   On October 19, 2023, defendant STANFIELD sent Co-Conspirator 1 an end-to-end encrypted message on Snapchat with an address and recipient in the United Kingdom.

Overt Act No. 6:   On November 1, 2023, Co-Conspirator 1 sent defendant STANFIELD an end-to-end encrypted message on Snapchat with an address in the United Kingdom.

1      <u>Overt Act No. 7</u>:  On November 24, 2023, defendant STANFIELD sent Co-Conspirator 1 an end-to-end encrypted message on Telegram stating, "Don't save my name as trizzy."

4      <u>Overt Act No. 8</u>:  On December 13, 2023, Co-Conspirator 1 sent defendant STANFIELD an end-to-end encrypted message on Telegram with an address in the United Kingdom.

7      <u>Overt Act No. 9</u>:  On December 13, 2023, in response to the message referenced in Overt Act No. 8, defendant STANFIELD sent Co-Conspirator 1 an end-to-end encrypted message on Telegram asking, "Where is this," to which Co-Conspirator 1 responded "Nottingham."

11      <u>Overt Act No. 10</u>:  On December 13, 2023, defendant STANFIELD sent defendant Co-Conspirator 1 an end-to-end encrypted message on Telegram asking for another address, which Co-Conspirator 1 provided.

14      <u>Overt Act No. 11</u>:  On December 16, 2023, defendant STANFIELD or a co-conspirator caused the shipment from Irvine, California, of a FedEx package destined for Manchester, United Kingdom, containing approximately 865 grams of a mixture or substance containing a detectable amount of methamphetamine, and listing a false return address.

20      <u>Overt Act No. 12</u>:  On December 16, 2023, defendant STANFIELD or a co-conspirator caused the shipment from Fullerton, California of a FedEx package destined for Nottingham, United Kingdom, containing approximately 895 grams of a mixture or substance containing a detectable amount of methamphetamine, and listing a false return address.

26      <u>Overt Act No. 13</u>:  On December 19, 2023, in Chatsworth, California, defendant STANFIELD or a co-conspirator used an internet connection linked to an email account subscribed to by defendant

STANFIELD to check the status of the methamphetamine shipment referenced in Overt Act No. 11.

<u>Overt Act No. 14</u>:  On December 20, 2023, in Chatsworth, California, defendant STANFIELD or a co-conspirator used an internet connection linked to an email account subscribed to by defendant STANFIELD to check the status of the methamphetamine shipment referenced in Overt Act No. 12.

<u>Overt Act No. 15</u>:  On January 19, 2024, defendant STANFIELD sent Co-Conspirator 1 an end-to-end encrypted message on Telegram directing Co-Conspirator 1 to "Send pic of all the boxes."

<u>Overt Act No. 16</u>:  On January 19, 2024, in response to the messages referenced in Overt Act No. 15, Co-Conspirator 1 sent defendant STANFIELD multiple photographs through Telegram depicting the exterior of FedEx boxes.

<u>Overt Act No. 17</u>:  On January 22, 2024, Co-Conspirator 1 sent defendant STANFIELD a photograph through Telegram depicting two black, vacuum sealed bags.

<u>Overt Act No. 18</u>:  On February 1, 2024, defendant STANFIELD sent Co-Conspirator 1 end-to-end encrypted messages on Telegram stating, "Wolves one out for deliv" and "Other 2 boxes coming tomorrow".

COUNT TWO

[21 U.S.C. § 963]

A. OBJECT OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, but no later than on or about July 17, 2023, and continuing until on or about July 15, 2025, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant MARLOW STANFIELD, also known as ("aka") "Marlow Stansfield," aka "Marlow Thompson," aka "Tristan Samuel," aka "Trae Lucas," aka "Trizzy," aka "TrTrizzy," aka "TrTrizzyChop," aka "Rahul Ramesh," aka "El Choppo," conspired with others known and unknown to the Grand Jury, to knowingly and intentionally export from the United States at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 953(a), 960(a)(1), (b)(1)(H).

B. MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, through the means set forth in Section B, paragraphs 1 through 4, of Count One, which are re-alleged and incorporated here.

C. OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, defendant STANFIELD and others known and unknown to the Grand Jury committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, Overt Acts 1-18, as set forth in Count One, which are re-alleged and incorporated here.

COUNT THREE

[21 U.S.C. §§ 953(a), 960(a)(1), (b)(1)(H); 18 U.S.C. § 2(b)]

On or about December 16, 2023, in Orange County, within the Central District of California, defendant MARLOW STANFIELD, also known as ("aka") "Marlow Stansfield," aka "Marlow Thompson," aka "Tristan Samuel," aka "Trae Lucas," aka "Trizzy," aka "TrTrizzy," aka "TrTrizzyChop," aka "Rahul Ramesh," aka "El Choppo," and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and intentionally exported from the United States at least 500 grams, that is, approximately 865 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 953(a), 960(a)(1), (b)(1)(H); 18 U.S.C. § 2(b)]

On or about December 16, 2023, in Orange County, within the Central District of California, defendant MARLOW STANFIELD, also known as ("aka") "Marlow Stansfield," aka "Marlow Thompson," aka "Tristan Samuel," aka "Trae Lucas," aka "Trizzy," aka "TrTrizzy," aka "TrTrizzyChop," aka "Rahul Ramesh," aka "El Choppo," and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and intentionally exported from the United States at least 500 grams, that is, approximately 895 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[18 U.S.C. § 922(g)(5)]

On or about June 26, 2025, in Los Angeles County, within the Central District of California, defendant MARLOW STANFIELD, also known as ("aka") "Marlow Stansfield," aka "Marlow Thompson," aka "Tristan Samuel," aka "Trae Lucas," aka "Trizzy," aka "TrTrizzy," aka "TrTrizzyChop," aka "Rahul Ramesh," aka "El Choppo," knowingly possessed the following firearm and ammunition, each in and affecting interstate and foreign commerce:

1. a Ruger .380 caliber pistol, bearing serial number 371825254;
2. six rounds of Aguila .380 caliber ammunition;
3. eleven rounds of Winchester 5.56x45mm caliber ammunition, contained in an AR-15 style rifle that lacked legitimate manufacturer's markings or a serial number (commonly referred to as a "ghost gun");
4. two rounds of Winchester .223 caliber ammunition, contained in an AR-15 style ghost gun;
5. three rounds of Armscor .223 caliber ammunition, contained in an AR-15 style ghost gun; and
6. four rounds of Black Hills Ammunition 5.56x45mm caliber ammunition, contained in an AR-15 style ghost gun.

Defendant STANFIELD possessed such firearm and ammunition knowing he was then an alien illegally and unlawfully in the United States.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

   (b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

   (c)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   (d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[21 U.S.C. §§ 853 and 970]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Sections 853 and 970, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Three through Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Five of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

/////

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL

                                        /S/_____
                                        Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

*Christina Shay*

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, Transnational Organized Crime Section

CHRISTOPHER C. KENDALL
Assistant United States Attorney
Deputy Chief, Transnational Organized Crime Section

DECLAN T. CONROY
Assistant United States Attorney
Transnational Organized Crime Section